■McKinney, J.
delivered the opinion of the court.
This suit was commenced before a justice of the peace. The facts appear to be, that Cummings held a note on Seals for $20, to be paid in the wood work of a wagon, which had been executed to one Tate. On presenting the note for payment to Seals, he refused t.o pay, because, as he alledged, it had been fraudulently obtained from him by Tate; and it was agreed that the note should be delivered to Seals to hold, until the matter should be settled between them by arbitration. They fixed upon a time and place for the arbitration; but, before the day agreed on, Cummings declined submitting the matter to arbitration, and demanded the note, which not being delivered he instituted this suit by warrant. The warrant is in “trespass for the fraudulent detention of a note, for the wood work of a wagon, to the plaintiff’s • damage fifty dollars.” The justice gave judgment for the plaintiff and the defendant, Seals prosecuted an appeal to the circuit court of Cannon county. On the trial in the circuit court the justice’s judgment was affirmed, and the case comes into this court by an appeal in error.
*443 We cannot say that there is error in this record. It is true, the warrant is very informal, to say the least; but, regarding it with the indulgent toleration usually extended to magistrate’s proceedings, we think it may be considered as a sufficient warrant in trover; and, that, in this view, the plaintiff below might well recover, upon the facts of the case, damages for the conversion of the note descried therein. The defendant in error, Cummings, might make the agreement to submit to arbitration, or refuse to abide by it, as he did in this case; and, in either case, he had the right to demand, and receive possession of the note from Seals. And if upon such demand being made, Seals refused to siirrender it, an action of trover would lie against him for the recovery of damages for its conversion; detinue for the recovery of the note itself.
We affirm the judgment of the circuit court.